1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  SARN K. SAEPHAN,                           CASE NO. 1:07-cv-00944-LJO-DLB-P

10                    Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DISMISSAL OF ACTION
11       v.                                   FOR FAILURE TO OBEY A COURT ORDER
                                              AND FAILURE TO STATE A CLAIM
12  CASTILLO, et al.,
                                              (Doc. 8)
13                    Defendants.

14

15

16  _____/

17          Plaintiff Sarn K. Saephan("plaintiff") is a former state prisoner proceeding pro se in this civil

18  rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 29, 2007.  On March

19  27, 2008, this court dismissed plaintiff's complaint for failure to state a claim, with leave to file an

20  amended complaint within thirty (30) days of the order.  (Doc. 8).  More than thirty days have passed

21  and plaintiff has not complied with or otherwise responded to the court's order.

22          Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

23  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

24  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

25  control their dockets and "in the exercise of that power, they may impose sanctions including, where

26  appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

27  1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

28  action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

1

1   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

2   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

3   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

4   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

5   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

6   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

7   failure to lack of prosecution and failure to comply with local rules).

8        In determining whether to dismiss an action for lack of prosecution, failure to obey a court

9   order, or failure to comply with local rules, the court must consider several factors: (1) the public's

10  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

11  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

12  (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

13  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14       In the instant case, the court finds that the public's interest in expeditiously resolving this

15  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has

16  been pending since June 29, 2007.  The third factor, risk of prejudice to defendants, also weighs in

17  favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

18  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

19  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

20  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

21  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

22  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d

23  at 1424.  The court's order requiring plaintiff to file an amended complaint expressly stated: "If

24  plaintiff fails to file an amended complaint in compliance with this order, the court will recommend

25  that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be

26  granted."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance

27  with the court's order.

28  ///

1    Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,

2  for failure to obey a court order and failure to state a claim upon which relief may be granted.

3    These Findings and Recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**

5  **days** after being served with these Findings and Recommendations, plaintiff may file written

6  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

8  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

9  1153 (9th Cir. 1991).

10

11    IT IS SO ORDERED.

12    **Dated:    May 14, 2008**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE